AMERICAN GRAPHOPHONE CO. v. NATIONAL GRAMOPHONE CO. et al.

(Circuit Court of Appeals, Second Circuit.)

PATENTS—PRELIMINARY INJUNCTION—RECORDING AND REPRODUCING RECORDS.

A preliminary injunction against infringement of claim 21 of the Bell & Tainter patent, No. 341,214, which claim covers a loosely-mounted or gravity reproducer in a machine for recording and reproducing speech, *held* to have been granted on a misunderstanding of the scope of a prior decision.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This is an appeal from an order of the circuit court for the Southern district of New York (90 Fed. 824) which granted an injunction pendente lite against the infringement of claim 21 of letters patent No. 341,214, to Bell & Tainter, for the instrument called the "Graphophone." The instrument which was found to infringe is known as the "Berliner Gramophone," and is described in letters patent Nos. 372,786 and 564,586.

Charles E. Mitchell, Howard W. Hayes, Gustav Bissing, and Horace Pettit, for appellant.

Philip Mauro and Richard N. Dyer, for appellees.

Before WALLACE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The Bell & Tainter patent was before the circuit court for the Southern district of New York upon final hearing in a suit of the present complainant against Leeds and others. 87 Fed. 873. The order pendente lite was granted upon the theory that the complainant's construction of claim 21 had been positively adopted by this court in the Leeds Case, and the only question upon this appeal is whether that theory was well founded. It is therefore necessary to ascertain the scope of the decision. The history of the Bell & Tainter invention indicates that it started in experiments to improve the Edison phonograph of 1879, which resulted in the abandonment of Edison's process of indentation upon a pliable material, and the substitution therefor of the cutting or engraving the record in the form of a groove, with sloping walls, in a waxy substance, and also

in the substitution, in place of a rigid reproducer, of one so loosely mounted that, resting against the tablet by gravity, it was guided by the record, and followed the elevations and depressions in the groove. The two improvements of importance with respect to claims 19 to 22 were said to be:

"The new material for a sound record upon which vertically undulating grooves, with sloping walls, were engraved by a cutting style; and the reproducer which rested upon these grooves by gravity, and moving along them, imparted to a second diaphragm the vibrations incident to the elevations and depressions of the bottoms of the groove."

Upon the question of infringement in the Leeds Case, there was no serious controversy. The defendants insisted that sound records formed in wax or wax-like material were old,—an issue which was decided against them. Inasmuch as the court might be of opinion that claims 19, 20, and 21 related merely to the loosely-mounted reproducer, the defendants made the point that such a reproducer, capable of automatically adjusting itself to the record grooves, was also old; but this proposition was not sustained.

Upon the question of the construction of the claims, Judge Grosscup, in the Amet Case, 74 Fed. 789, did not think that the universal joint in the gravity reproducer made it a patentable invention, but that the combination which included the reproducer with the new record—that is, the grooved tablet having the record as described in the patent—was patentable. The circuit judge did not thoroughly agree with Judge Grosscup, and thought that the loosely-mounted reproducer might be patentable by itself; but the case did not call for a decision of that question, and therefore directed a decree in the form adopted in the Amet Case.

Berliner used for his original record plate a zinc plate covered with a thin, fatty film, which, after the film along the lateral line made by the stylus has been removed, is placed in an etching bath. When the groove has been etched, the zinc plate is electroplated with copper, and the plate impresses the sound record into a hard-rubber plate, which has been softened by heat. The hard-rubber plate is the tablet which contains the record. The adjudication in the Leeds Case was not an adequate basis for an order for an injunction pendente lite against the Berliner device, for it relates to the infringement of claim 21 by the use of the dual improvements of Bell & Tainter, and was not intended to go further and decide the status of a device which did not contain a tablet of their new material for a sound record. The order of the circuit court is reversed, with costs.